UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------X

UNITED STATES OF AMERICA

- against -

DONG LIU,

a/k/a "Ah Dong"

Defendant.

------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/30/2025

ORDER OF
JUDICIAL REMOVAL

S1 23 CR 612 (NSR)-04

Upon the application of the United States of America, by Ryan W. Allison and Jared Hoffman, Assistant United States Attorneys, Southern District of New York; upon the Factual Allegations in Support of Judicial Removal; upon the consent of DONG LIU, a/k/a Ah Dong, and upon all prior proceedings and submissions in this matter; and full consideration having been given to the matter set forth herein, the Court finds:

1. The defendant is not a citizen or national of the United States.

2. The defendant is a native of the People's Republic of China and a citizen of the People's Republic of China.

3. The defendant was admitted to the United States on or about February 6, 2018, at or near John F. Kennedy International Airport in Queens, New York, as a nonimmigrant B1 temporary visitor for business with authorization to remain in the United States for a temporary period not to exceed August 5, 2018.

4. The defendant remained in the United States beyond August 5, 2018, without authorization from the United States Department of Homeland Security.

5.      At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the Southern District of New York for conspiring to commit Hobbs Act extortion, in violation of Title 18, United States Code, Section 1951. The defendant agrees that he committed the offense charged in Count One by, among other things: (1) plotting to lure Peng Cheng Li to a location in Flushing, Queens, where the defendant and his co-conspirators planned to attack Li over an unpaid drug debt Li allegedly owed to the defendant's co-conspirator; (2) driving his co-conspirators to the location where they planned to lure Li; (3) bringing rope to restrain Li in furtherance of the conspiracy; and (4) together with his co-conspirators, restraining Li with the rope the defendant brought and physically assaulting and striking Li in furtherance of the conspiracy for a period of time. Li died as a result of the defendant and his co-conspirators' beating, although the defendant left the scene of the beating before the beating ended and before Li's death. The defendant's co-conspirators transported Li's body through the Southern District of New York to New Hampshire where they buried Li's body. Afterwards, the defendant met with his co-conspirators at a hotel in Flushing, where the defendant offered his co-conspirators money to flee prosecution.

6.      A maximum sentence of twenty years imprisonment may be imposed for this offense.

7.      The defendant is subject to removal pursuant to (1) Section 237(a)(1)(B) of the Immigration and Nationality Act of 1952 ("INA"), as amended, 8 U.S.C. § 1227(a)(1)(B), in that after admission as a nonimmigrant under Section 101(a)(15) of the Act, he has remained in the United States or a time longer than permitted; (2) Section 237(a)(2)(A)(iii) of the INA, as amended, 8 U.S.C. § 1227(a)(2)(A)(iii), in that, at any time after admission, he is an alien who is convicted of an aggravated felony, as defined under section 101(a)(43)(F) of the Act, 8 U.S.C. §

1101(a)(43)(F), a law relating to a crime of violence (as defined in Section 16 of Title 18, United States Code, but not including a purely political offense) for which the term of imprisonment is at least one year; and (3) Section 237(a)(2)(A)(iii) of the INA, as amended, 8 U.S.C. § 1227(a)(2)(A)(iii), in that, at any time after admission, he is an alien who is convicted of an aggravated felony, as defined under section 101(a)(43)(U) of the Act, 8 U.S.C. § 1101(a)(43)(U), a law relating to an attempt or conspiracy to commit an offense described in this paragraph.

8. The defendant has waived his right to notice and a hearing under Section 238(c) of the INA, 8 U.S.C. § 1228(c).

9. The defendant has waived the opportunity to pursue any and all forms of relief and protection from removal.

10. The defendant has designated the People's Republic of China as the country for removal pursuant to Section 240(d) of the Act, 8 U.S.C. § 1229a(d).

WHEREFORE, IT IS HEREBY ORDERED, pursuant to Section 238(c) of the INA, 8 U.S.C. § 1228(c), that the defendant shall be removed from the United States promptly upon his release from confinement, or, if the defendant is not sentenced to a term of imprisonment, promptly upon his sentencing, and that the defendant be ordered removed to the People's Republic of China.

Dated: White Plains, New York
       May 30, 2025

_____
THE HONORABLE NELSON ROMÁN
UNITED STATES DISTRICT JUDGE